SHAW, Justice
(concurring in the result in part and dissenting in part).
I concur in the result of the main opinion insofar as it denies the petition for the writ of mandamus as to Becky Ingram; I respectfully dissent from the main opinion insofar as it grants the petition as to Nancy Wilkinson.
“Generally, State agents are afforded immunity from civil liability when the conduct made the basis of the claim is based on the exercise of judgment in supervising and educating students.” Ex parte Nall, 879 So.2d 541, 544 (Ala. 2003). However, “[a] State agent acts beyond authority and is therefore not immune when he or she ‘fail[s] to discharge duties pursuant to detailed rules or regulations ....’” Giambrone v. Douglas, 874 So.2d 1046, 1052 (Ala. 2003) (quoting Ex parte Butts, 775 So.2d 173, 178 (Ala. 2000)).
The Oak Hill School Faculty Handbook contains detailed rules, policies, and procedures that the faculty, including Ingram and Wilkinson, were undisputedly required to follow. The following two rules are pertinent: (1) without' “exceptions,” “[s]tu-dents should always be accompanied by adults during class change,” and (2): it is “require[d] [that] staff members are to be at the front and end of each line when transitioning students through the building.” The'assault the plaintiff, L.L., alleges occurred in this case illustrates why these rules must be followed.
Apparently, on the day of the alleged assault, both Ingram and Wilkinson initially escorted the students from the lunchroom as the rules required. Ingram testified that she led the line of students to their classroom. Other evidence, .indicates that, at the end of the transition between the lunchroom and the classroom, no staff members :were at the front and end of the line, which resulted in L.L. and M.M.’s leaving the. line, being-in a secluded room unsupervised, and the alleged assault.
As noted in the main opinion, we must review the evidence in the light most favorable'to the nonmovant, namely, L.L. The main opinion appears to conclude that the disputed facts tended to indicate that Ingram violated the rule by not remaining with the students and, thus, that, as a matter of law, she was not entitled to a summary judgment based on State-agent immunity. That conclusion is based on a viewing of the facts in the light most favorable to L.L.: Although Ingram testified that she led the students all- the way to the classroom, other evidence showed that she did not.
Wilkinson also deviated from the rules in order to take a student, A.J., to the bathroom and to take another student to have his diaper changed. The main opinion appears to hold that the rule noted above—staff members are required to be in the front and at the end of the line transitioning students in the building—is vague as.'to whether it leaves room for discretion or judgment in relation to particular exigent circumstances, thus requiring a “fact-intensive inquiry.” 229 So. 3d at 229. Engaging in such inquiry,.the main opinion makes the factual conclusion that Wilkinson’s attending to the personal needs of those two students amounted to exigent circumstances granting Wilkinson the authority.to deviate from the requirement to escort the remaining students. I am not convinced that this conclusion results when the facts are viewed in the light most favorable to L.L.
Outside the context of the rules' governing searches and seizures, the term “exi *238 gent circumstances” is defined as follows: “A situation that demands unusual or immediate action and that may allow people to circumvent usual procedures, as when a neighbor breaks through a window of a burning house to save someone inside.” Black’s Law Dictionary 296 (10th ed. 2014). If it is possible to conclude that A.J.’s urgency to use the bathroom[7] was extreme enough to constitute legally recognizable exigent circumstances that, as a matter of law, granted Wilkinson the authority to deviate from the rules, is it not also possible to conclude that A.J.’s urgency was not so extreme? Our standard of review would require that, if both possibilities are reasonable, then we must select the latter, because that would be viewing the facts most favorably to L.L. In other words, the facts in this case are either so extreme that an exigent-circumstances exception to the rules resulted, or they are not. In order for this Court to reach its conclusion that the facts are indeed so extreme, it must hold that there is no basis on which to reach the conclusion that they are not so extreme.
I cannot conclude that there is no basis to find a lack of exigent circumstances:' (1) nothing stated indicates that Wilkinson (or A.J.) could not have waited the' few minutes it took to finish escorting the students to the classroom before taking' A.J. to the bathroom; (2) nothing stated indicates that Wilkinson was required to take A. J. to the bathroom located by the gym, instead of the one in the main hall, from which Wilkinson could still see the end of the line of students; and (3) nothing stated indicates that preventing A.J. from having an accident outweighed the need to supervise the children. Even if it is reasonable to conclude from the facts in this case that exigent circumstances existed, the opposite conclusion is equally reasonable, and it is this second conclusion that the standard of review requires us to accept.
State-agent immunity exists to protect government employees who have to make difficult decisions required in their role of executing the duties the people require their government to perform. These employees, such as police officers, child-welfare workers, and those who educate children with special needs, must perform duties that are particularly prone to result in civil liability and that, for that reason, among others, the private sector is unwilling or unable to perform. Nevertheless, I do not believe that, at this point in this case, Wilkinson is entitled to immunity as a matter of law. Instead, factual disputes exist as to whether Wilkinson is entitled to State-agent immunity under the exigent-circumstance exception recognized in this case (and also to whether Ingram is entitled to State-agent immunity generally). These disputes, in my opinion, are for the jury to decide. N.C. v. Caldwell, 77 So.3d 561, 569 (Ala. 2011) (holding that there existed genuine issues of material fact as to whether a school employee was entitled to. State-agent immunity, thus preventing a summary judgment in the employee’s favor).

. I see nothing in the main opinion indicating that the need to have the other student’s diaper changed constituted an extreme circumstance that could not wait the few minutes it required to escort the students back to the classroom.